UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID J. OLESCZUK, | Case No. 2:16-cv-01008-GMN-NJK |
| Plaintiff(s), | |
| v. | ORDER |
| CITIZENS ONE HOME LOANS, et al., | |
| Defendant(s). | |

The Court received a request by the parties for informal resolution of a discovery dispute in this and six other cases assigned to the undersigned magistrate judge involving the same attorneys. *See* Local Rule 1-1(b). The Court thereafter permitted a streamlined process for the dispute to be resolved. *See* Docket No. 30; *see also* C.D. Cal. Local Rule 37-2 (outlining similar procedure for presenting discovery disputes in the form of joint stipulations). The Court has now received the joint submission of the parties regarding their dispute. Docket No. 31. For the reasons discussed more fully below, the Court **DENIES** the joint submission and **VACATES** the hearing set for November 7, 2016.

As United States Magistrate Judge Peggy A. Leen has surmised, a magistrate judge is "not the Maytag repairman of federal judges desperately hoping for something to do." *Mazzeo v. Gibbons*, 2010 WL 3020021, *1 (D. Nev. July 27, 2010). A pillar of federal litigation is that "[d]iscovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). Hence, discovery disputes should be presented to the Court only as a last resort and only when the

underlying dispute implicates truly significant interests. *See, e.g.*, *id.* (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)).

The applicable rules reflect this in several ways. First, the parties must engage in meaningful personal consultation prior to presenting any discovery dispute to the Court. *See, e.g.*, Fed. R. Civ. P. 37(a)(1); Local Rule 26-7(c). The pre-filing conference requirement is not a mere technicality, but rather requires counsel to "present to each other the merits of their respect positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993); *see also ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The vast majority of discovery disputes should be resolved by counsel through the meet-and-confer process without any Court involvement.

Second, the rules are designed to foster cooperation between counsel. "The discovery process is subject to the overriding limitation of good faith." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). The recent amendments to the Federal Rules of Civil Procedure were intended to emphasize the importance of common sense cooperation between counsel, and to curb the culture of scorched earth litigation tactics. *See, e.g.*, *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D 327, 330 (D. Nev. 2016). This is most obviously evident in the amendment to Rule 1 of the Federal Rules of Civil Procedure, which now expressly requires <u>parties</u> (in addition to courts) to strive for the just, speedy, and inexpensive resolution of cases. *See Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). "The need for compliance with these obligations is especially important when a case is complex or [many] substantially similar cases are pending with the same attorneys. Common sense and practicality should be at the forefront of counsel's discussions." *The Bank of N.Y. Mellon v. Paradise Court Homeowners Assoc.*, 2016 U.S. Dist. Lexis 103384, at *3 (D. Nev. Aug. 5, 2016).

Third, the rules are designed to enforce reasonable cooperation during the discovery process by providing a presumption that sanctions will be imposed against the party losing a discovery motion. *See, e.g.*, Fed. R. Civ. P. 37(a)(5)(A) (absent an exception, courts "must" award reasonable expenses to the prevailing party). Sanctions are not appropriate only when the losing party carries its burden of showing such sanctions would be unjust or its position was substantially justified. *See id.*; *see also Hyde & Drath*

*v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (citing *Falstaff Brewing Corp. v. Miller brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983)). Rule 37's sanction provisions are designed to deter counsel from bringing unnecessary disputes to the Court, and to instead resolve those disputes themselves. *See, e.g.*, Advisory Committee Notes, Fed. R. Civ. P. 37 (1970) ("the rules should deter the abuse implicit in carrying or forcing a discovery dispute to the court when no genuine dispute exists").

One concern animating the 2015 amendments to the Federal Rules of Civil Procedure is the incursion of unnecessary cost during the discovery process. *See, e.g.*, *Roberts*, 312 F.R.D. at 603. The Local Rules of this Court were similarly amended in 2016 to reflect the Court's efforts to reduce litigation costs. *See* Local Rule 1-1(b). For example, parties and their attorneys have been encouraged to consider "using the assigned magistrate judge to resolve discovery disputes by telephone or informal conference." *Id.* While this provision is relatively new and its application has yet to be extensively applied, the new local rule does not curtail the other expectations of counsel as outlined above with respect to discovery disputes. *See, e.g.*, *id.* ("Effective advocacy depends on <u>cooperative</u> use of these rules to manage cases in a cost-effective manner" (emphasis added)). In short, Local Rule 1-1 has not transformed magistrate judges into clearinghouses for resolving insignificant discovery disputes. Counsel are still expected to seek court involvement as a last resort only when a discovery dispute implicates truly significant interests that counsel cannot resolve through reasonable cooperation during the meet-and-confer process.[1]

Against this backdrop, the Court turns to the parties' invocation of Local Rule 1-1(b) for an informal resolution in this case.[2] At bottom, the instant dispute arises out of the difficulties that counsel

---

[1] "The Court also has a duty to actively and effectively manage the discovery process to ensure that the parties have an efficient access to necessary discovery while eliminating unnecessary and wasteful discovery. At the same time, the Court's duty is not triggered every time counsel have a disagreement." *TDN Money Sys. v. Global Cash Access, Inc.*, 2016 U.S. Dist. Lexis 99526, *3-4 (D. Nev. July 28, 2016) (internal citation omitted).

[2] As an initial matter, the Court was not informed when the parties telephonically requested an informal resolution of the instant dispute that counsel for Defendant Experian in half of the pertinent cases objected to resolving the disputes in that manner. That was only made clear in the written submission required by the Court. *See* Docket No. 31 at 18 n.1. The Court shares some of the concerns raised in those objections by counsel that Local Rule 1-1 is not meant as a procedural mechanism to bypass the

3

are having in scheduling depositions given the many similar cases pending with the same attorneys. While the Court appreciates that litigating many similar cases can lead to scheduling issues, that is not the type of dispute that should ordinarily require Court intervention. Counsel are expected to work together in a cooperative and professional manner to schedule depositions and, to the extent necessary, to stipulate to extensions of the discovery cutoff if warranted by the circumstances.[3] It is clear to the Court that the instant disputes can and should be resolved by counsel without Court intervention. Indeed, one of the seven disputes was apparently resolved in the hours between counsel contacting the Court and the filing of their joint statement. *See* Docket No. 31 at 7 n.1.

Because the parties' scheduling dispute does not warrant Court intervention, the joint submission is hereby **DENIED**, the hearing set for November 7, 2016 is hereby **VACATED**, and the parties are instructed to further meet-and-confer to resolve their scheduling issues.

IT IS SO ORDERED.

DATED: November 4, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

requirements for seeking emergency relief. *See* Local Rule 26-7(d); *Cardoza*, 141 F. Supp. 3d at 1140-43. Had that objection been conveyed, the Court would not have included those cases in its order for resolving the instant dispute informally.

[3] Of course, counsel must also strive to ensure that they are not taking on a caseload beyond what they are prepared to handle within the deadlines set by the Court. *See, e.g., Greene v. Alhambra Hosp. Med. Ctr.*, 2015 U.S. Dist. Lexis 72697, *3 (D. Nev. June 3, 2015) (an attorney's over-commitment is not an excuse for failing to comply with deadlines).